UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GLENN M. WILLIAMS**     Plaintiff | : Case Number : : |
| vs. | : CIVIL COMPLAINT : |
| **EQUIFAX INFORMATION SERVICES, LLC**     **&**   **EXPERIAN INFORMATION SOLUTIONS, INC.**     Defendants | : : : : : JURY TRIAL DEMANDED : |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Glenn M. Williams, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Glenn M. Williams (hereinafter referred to as "Plaintiff"), is an adult natural person and he brings this action for relief against Defendants, for violations of multiple sections of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), which prohibits original creditors and debt collectors from deceptive and unfair credit reporting and Defamation of Character.

### II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

3. Venue in this District is proper in that Plaintiff resides in this District.

### III.   PARTIES

4. Plaintiff, Glenn M. Williams (hereinafter referred to as "Plaintiff") is an adult natural person residing at 30 Churchill Way, Sewell, New Jersey 08080.

5. Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 6 Clementon Road, East Suite A2, Gibbsboro, New Jersey 08026.

6. Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting which has an office located at 4 Gatehall Drive, 3rd floor, Parsippany, NJ 07054.

### IV.   FACTUAL ALLEGATIONS

7. In or about 2014, Plaintiff noticed two separate inaccurate Chapter 13 Bankruptcies being reported on his credit report by Defendants Equifax and Experian, despite the fact that he has never filed for bankruptcy protection in any United States Bankruptcy Court.

8. On or about November 20, 2014, Plaintiff sent correspondence to Defendants, Equifax and Experian, informing them that they were reporting erroneous, invalidated, and inaccurate information on his credit report with respect to two separate alleged Chapter 13 Bankruptcies.

9. Plaintiff went on to inform Defendants, Equifax and Experian, that he had never filed for bankruptcy protection in any United States Bankruptcy Court, nor had any such action ever been dismissed, as Defendants continue to erroneously report on Plaintiff's credit report.

10. Plaintiff requested of Defendants Equifax and Experian that all information pertaining to the alleged bankruptcies be verified and the improper account reporting be removed.

11. On or about December 2, 2014, Defendant Equifax informed Plaintiff that the information pertaining to the Chapter 13 Bankruptcies had been confirmed and would remain on his credit report.

12. Defendant, Experian, also informed Plaintiff that the information pertaining to the Chapter 13 Bankruptcies had been confirmed and would remain on his credit report.

13. Defendants, Equifax and Experian, also failed to mark the alleged bankruptcies as disputed by Plaintiff.

14. After his notices to Defendants informing them that they were reporting erroneous information on his credit report and with a minimal amount of research, Plaintiff recently discovered that the alleged Chapter 13 Bankruptcy petitions purported to be his contains a signature that in no way resembles his signature.

15. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

16. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate

and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

17. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

18. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

19. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

## COUNT I– FCRA

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. At all times pertinent hereto, Defendants were a "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

22. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

23. At all times pertinent hereto, the above mentioned credit reports were "consumer reports" as that terms is defined by 15 U.S.C. §1681a(d).

24. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for engaging in the following conduct:

(a) Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(d) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(e) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

25. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendants Equifax and Experian for the following:

  a. Actual damages;

  d. Statutory damages pursuant to 15 U.S.C. §1681n;

  c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

  d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II– DEFAMATION OF CHARACTER

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

28. Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

29. The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff as financially irresponsible and delinquent.

30. Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

31. The appearance of the Plaintiff's alleged bankruptcies constitute a falsehood concerning Plaintiff's credit history.

32. Defendants knew or reasonably should have known that the information regarding the alleged bankruptcies they have published and re-published on Plaintiff's credit reports are incorrect and false as Plaintiff has notified them in writing of such.

33. Defendants continue to publish the false and negative alleged bankruptcies on Plaintiff's credit history up through the present time.

34. Defendants knew that the alleged bankruptcies on Plaintiff's credit report were false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information concerning Plaintiff's alleged bankruptcies through the present time.

35. The publications of the false bankruptcies on Plaintiff's credit report constitutes libel per se.

36. In addition, and despite the notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

37. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendants Equifax, and Experian for the following:

a. Actual damages;

    b.    Statutory damages;

    c.    Punitive damages;

    d.    An order directing the Defendants immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

    e.    Such addition and further relief as may be appropriate or that the interests of justice require.

## V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: December 30, 2014**

**BY: /s/ *Brent F. Vullings***
Brent F. Vullings, Esquire
3953 Ridge Pike, Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com